IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ROBICHAW | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HORIZON HOUSE, INC.; | : | |
| WILLIAM HOPE d/b/a HORIZON HOUSE; | : | |
| and JEFFREY WILUSH | : | |
| | : | |
| v. | : | |
| | : | |
| SOCIAL WORK, P.R.N. and | : | |
| WANDA B. RICHARDSON, M.S.W. | : | 07-3968 |

ORDER AND OPINION

JACOB P. HART                                         DATE:   May 22, 2008
UNITED STATES MAGISTRATE JUDGE

I.      Introduction

Plaintiff Richard Robichaw brought this action against Horizon House, Inc., and Jeffrey Wilush, the President and CEO of Horizon House (collectively "Horizon House"), in connection with an incident in which a social worker at Horizon House disclosed to Robichaw's union that he was an inpatient at its drug treatment facility. Robichaw has asserted a claim under HIPAA, 42 U.S.C. § 1320 01-1, *et seq.*; a claim for violation of his First Amendment rights under 42 U.S.C. § 1983; a claim under the defamation torts of invasion of privacy and public disclosure of private information; and a claim for punitive damages.

After obtaining leave from this Court, the Horizon House defendants joined as third-party defendants Wanda B. Richardson, the social worker who actually spoke to Robichaw's union, and Social Work, P.R.N., the temporary agency which provided Richardson to Horizon House.

Richardson and Social Work, P.R.N., have now filed a motion to dismiss Robichaw's complaint, and Horizon House's third-party complaint, under Fed. R. Civ. Pr. 12(b)(6). Robichaw has filed a response, in which he has stipulated to the dismissal of a separate claim for punitive damages, although he continues to seek punitive damages as a remedy.  He has also stipulated to the dismissal of his HIPAA claim, but has asked for leave to file an amended complaint asserting a count under Pennsylvania's Unfair Trade Practices and Consumer Protection Law.  Horizon House has filed a response, opposing the dismissal of its third-party complaint, except if Robichaw's complaint is dismissed.

For the reasons that follow, I will grant third-party defendants' motion only in that I will dismiss Robichaw's counts under HIPAA, and for punitive damages.  The motion will be otherwise denied.  I will also deny Robichaw's motion to amend his complaint, without prejudice to his right to file a more fully briefed motion in that respect, to which all defendants may respond.

II.     Legal Principles

A.      Federal Rule 12(b)(6): Motion to Dismiss

A claim may be dismissed under Fed. R. Civ. Pr. 12(b)(6) only if it appears beyond doubt that the plaintiff could prove no set of facts in support of her claim that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Moreover, the court must consider only those facts alleged in the complaint, and accept all of the allegations as true.  Hishon v. King & Spalding, 467 U.S. 69 (1984); ALA, Inc. v. CCAIR, Inc., 29 F.3d 885, 859 (3d Cir. 1994).

B.  Federal Rule 14(a):  Third-Party Practice

Federal Rule of Civil Procedure 14 is applicable to third-party practice.  In a section entitled "When a Defending Party May Bring in a Third Party", it provides:  "A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. Pr. 14(a)(1).  The rule also provides that a third-party defendant "may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim."  Fed. R. Civ. Pr. 14(a)(2)(C).[1]

III.  Discussion

A.  The Defamation Count; Lack of an Alleged False Statement

Social Work, P.R.N., and Wanda Richardson argue that Robichaw's defamation count should be dismissed because "truth is an absolute defense to a cause of action for defamation, and the plaintiff has not pled that any statement made by Third Party Defendants was not true." They fail to recognize, however, that Robichaw's defamation count is not for libel or slander, but is clearly labeled:  "Public Disclosure of Private Information and Invasion of Privacy."

The making of a false statement is not an element of an invasion of privacy tort. Pennsylvania courts recognize this tort as encompassing four distinct causes of action: (1) intrusion upon seclusion; (2) appropriation of a name or likeness; (3) publicity given to a private life; and (4) publicity placing a person in a false light.  Johnson v. Lehigh County, Civ. A. No. 00-1670, 2000 WL 1507072 (E.D. Pa. Oct. 10, 2000), citing Marks v. Bell Telephone Co. of Pa., 331 A.2d 424, 430 (Pa. 1975).

---

[1] Accordingly, there is no merit to Robichaw's suggestion, set forth briefly in his response, that the third-party defendants have no standing to seek the dismissal of his complaint.

Apparently, Robichaw is relying on "publicity given to a private life," which requires proof that the defendant (a) published matter of a kind that (b) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.  Johnson, supra, citing Harris v. Easton Publishing Co., 483 A.2d 1383 (Pa. Super. 1984).

Third-party defendants have not argued that Robichaw can not prove these elements. Since the defamation claim is not faulty for failing to allege a false statement by defendants, I will not dismiss it.

B.        Defamation; The Statute of Limitations

Third-party defendants have also moved to dismiss the defamation count, as set forth in the third-party complaint, on the basis that Pennsylvania's one-year statute of limitations had already run by the time they were joined.

The statute of limitations will not bar the joinder of a third-party defendant for contribution and indemnity, since such a claim does not accrue until judgment is entered against the defendant on the original claim.  Donegal Mutual Ins. Co. v. Grossman, 195 F. Supp. 2d 657, 664-665 (M.D. Pa. 2001); Resolution Trust Corp. v. Farmer, 836 F. Supp. 1123, 1132 (E.D. Pa. 1993); Santiago v. Johnson Machine and Press Corp., Civ. A. No. 85-5701, 1986 WL 14201 (E.D. Pa. 1986), citing Hornsby v. Johns-Manville Corp., 96 F.R.D. 367 (E.D. Pa. 1982); and Campbell v. Meadow Gold Products Co., 52 F.R.D. 165 (E.D. Pa. 1971).

Nevertheless, the statute of limitations does bar a direct suit against an additional defendant and prohibits his or her joinder in an action on the allegation that he or she is alone liable.  Santiago, supra.  Third-party defendants claim that this is actually Horizon House's position, since Richardson was not a Horizon House employee.  Horizon House, in its response,

4

denies that this was its purpose in joining the third-party defendants. It maintains that it properly joined them under Fed. R. Civ. Pr. 14(a), in case it is held to be vicariously liable for Richardson's actions.

A finding of vicarious liability is not impossible. It may well depend upon factual findings as to Richardson's relationship with the other defendants, such as who was responsible for her training, and who controlled her work. See, Kellam v. Snelling Personnel Services, 866 F. Supp. 812, 815 (E.D. Pa. 1994) (temporary agency found not to be a plaintiff's employer for purposes of a Title VII action, where the hiring party, and not the temporary agency, controlled the manner and the means by which the plaintiff's work was accomplished). Thus, the third-party claims by Horizon House are appropriate claims for contribution or indemnity. For this reason, the defamation claim is not barred by the statute of limitations.

C.  The § 1983 Claim

To prove a violation of 42 U.S.C. § 1983, a plaintiff must prove not only the deprivation of a right guaranteed by the U.S. Constitution, or by federal law; he must also prove that the defendant acted under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981). According to third-party defendants, Robichaw's § 1983 claim must be dismissed because none of the defendants are state actors. Robichaw has not responded to this claim at much length, but instead briefly alleges that Horizon House receives funding from "multiple federal and state sources."

It seems unlikely that Robichaw will be able to prove that Horizon House is a state actor. Whichever of several possible tests is used to determine whether a private entity can be considered a state actor, the heart of the inquiry is "to discern if the defendant 'exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." ' " Klavan v. Crozer-Chester Medical Center, 60 F. Supp.2d 436, 441

(E.D. Pa. 1999), citing Groman v. Township of Manalapan, 47 F.3d 628, 639 n. 17 (3d Cir. 1995), quoting West v. Atkins, 487 U.S. 42, 49 (1988).

Financial assistance, even if it is extensive, is insufficient to show state action. Klavan, supra, citing Rendell-Baker v. Kohn, 482 U.S. 830, 840-43 (1982).

Where state action is not proved, courts have dismissed § 1983 counts on 12(b)(6) motions. Klavan, supra; Nicastro v. Frankford Hospital, Civ. A. No. 03-3937, 2004 WL 86658 (E.D. Pa. Jan. 19, 2004). In an abundance of caution, however, I will not dismiss the § 1983 claim at this time, but will permit discovery to go forward.

D.     Robichaw's Motion to Amend

As mentioned above, Robichaw has agreed to the dismissal of his HIPAA count, since a violation of HIPAA does not create a private right of action. See Dominic J. v. Wyoming Valley West High School, 362 F. Supp.2d 560, 574 (M.D. Pa. 2005). He then writes: "However, Plaintiff requests leave to amend his Complaint to include a claim for Defendants' violation of the Unfair Trade Practices and Consumer Protection Law for which HIPAA is a per se violation." Response at unnumbered page 6. This is the sum total of Robichaw's argument, and he has cited only to the state statute mentioned, and to Fed. R. Civ. Pr. 15, regarding amended pleadings.

Even given Rule 15(a)(2)'s instruction that a court should freely give leave to amend when justice so requires, a court needs a bit more information than this. Rather than delay the disposition of this 12(b)(6) motion so that all defendants can respond to Robichaw's motion to amend, and so that Robichaw (who obtained two extensions of time in responding to the present motion), can explain why he is entitled to an amendment by leave of the court, I will deny his motion. This denial, however, is without prejudice to his right to file a separate motion in which the issue is discussed in more detail.

IV.     Conclusion

In accordance with the foregoing, I now enter the following:

O R D E R

AND NOW, in consideration of the Motion of Third Party Defendants to Dismiss Plaintiff's Complaint and Third Party Complaint of Defendants, filed in this action as Document No. 20, and the responses filed thereto, it is hereby ORDERED that the motion is GRANTED IN PART and DENIED IN PART as follows:

1. Counts I and IV of Plaintiff's Complaint are DISMISSED;

2. The Motion is otherwise DENIED.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE